**J. Guadalupe ARIAS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72460.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 21, 2009.

Robert L. Lewis, Esquire, Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

---

by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen Flynn, Esquire, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Nehal Kamani, Melissa Lynn Neiman-Kelting, Trial, Mark Christopher Walters, Esquire, Assistant Director, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

J. Guadalupe Arias, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition for review in part and deny in part.

The evidence Arias presented with his motion to reopen concerned the same basic hardship grounds previously considered by the agency. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's determination that the evidence would not alter its prior discretionary determination that Arias failed to establish the requisite hardship.

Arias' contention that the BIA violated due process by misapplying the law to the facts of his case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005)

("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction").

To the extent that Arias contends that the BIA violated due process by failing to consider all or some of his evidence, he has not overcome the presumption that the BIA did review the record. *See Fernandez,* 439 F.3d at 603.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

